IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT B. GREEN, | : | No. 4:04-cv-01888 |
| Petitioner | : | Judge Jones |
| v. | : | |
| SCOTT TOWNSHIP, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### April 13, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court are *pro se* Defendants James and Stacy Gogas' Motion to Appoint Counsel (doc. 47) and Motion to Dismiss (doc. 48) filed with this Court on March 28, 2006. We shall analyze the merits of each Motion in turn.

### A.   Motion to Appoint Counsel

The Defendants have previously filed a Motion to Appoint Counsel with this Court on October 7, 2004 (doc. 10) which this Court denied by Order dated October 14, 2004. (Rec. Doc. 11). In our Order (doc. 11), we noted that the Defendants could file another Motion to Appoint Counsel for our consideration, upon the appropriate showing of the need for counsel.

As noted in our October 14, 2004 Order, this Court has wide discretion in determining whether to appoint counsel.  See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).[1]  Under Tabron, a district court's decision whether to appoint counsel in a civil rights action should be "informed" by a consideration of the following factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent [party] to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf.  Id. at 156, 157 n.5.  The United States Court of Appeals for the Third Circuit has reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue.  Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)(citation omitted).

Once again, as we noted in our October 14, 2004 Order (doc. 11), there appear to be no circumstances which warrant the appointment of counsel at this time.  The Defendants have not provided this Court with any new information and the record is devoid of any evidence or facts that would allow us to apply the Tabron factors to the Defendants' situation.  Therefore, the Defendants' Motion to

---

[1] The Tabron court noted that ". . . the district court must consider as a threshold matter the merits."  Tabron, 6 F.3d at 155.  Next if a claim has arguable merit, "ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel."  Id. at 156.  If a litigant "with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel."  Id.

Appoint Counsel (doc. 47) will be denied.[2]

### B. Motion to Dismiss

The Defendants' James and Stacy Gogas have also filed a Motion to Dismiss (doc. 48) with this Court.  Although they did not file a brief in support of the motion in accordance with the Local Rules, we will construe the Motion to Dismiss (doc. 48) as a motion in brief.  However, in light of the fact that the Motion to Dismiss (doc. 48) does not contain any legal argument, there is no need for the Plaintiff to render a response and we shall deny the Motion to Dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Appoint Counsel (doc. 47) is DENIED.

2. Defendants' Motion to Dismiss (doc. 48) is DENIED.

s/ John E. Jones III  
John E. Jones III  
United States District Judge

---

[2] As we noted in our October 14, 2004 Order (doc. 11), if the Defendants' file yet another motion to appoint counsel, we will reconsider this issue in the future, provided that the future motion makes the proper showing of the need for counsel